```
                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS


JULIAN L. RUSSELL,

                    Petitioner,
                                            CIVIL ACTION
          vs.                               No. 11-3011-SAC

STATE OF KANSAS,

                    Respondent.
```

**MEMORANDUM AND ORDER**

This matter is before the court on a petition for habeas corpus filed by a prisoner at the Marion County Jail, Marion, Kansas. Petitioner proceeds pro se. Because it appears petitioner is a pretrial detainee, the court liberally construes the petition as an action filed pursuant to 28 U.S.C. § 2241.

Petitioner states he was arrested in November 2010, and he contends he should have been released within 24 hours. He seeks damages, an investigation of the Marion County District Court, and an order that the Marion County Court not be allowed to try the case.

Because petitioner appears to be subject to untried charges, the court is considering the dismissal of this matter.

Generally, absent extraordinary circumstances, the federal courts are prohibited from interfering with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 45 (1971). The exceptions to *Younger* allow only a "very narrow gate for federal intervention." *Phelps v. Hamilton*, 59 F.3d 1058, 1063-64 (10th Cir. 1995)(internal punctuation omitted). A federal court may address the application of *Younger* sua sponte. *Morrow v. Winslow*, 94 F.3d 1386, 1390-91 (10th Cir. 1996).

In evaluating whether abstention under *Younger* is proper, a federal court should consider three factors, namely, whether:

> (1) there is an ongoing state proceeding, (2) the state court provides an adequate forum to hear the federal claim, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution....
> *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)(citation and quotation marks omitted).

Here, it appears there is a state criminal action proceeding against the petitioner, that the state court provides an appropriate forum for petitioner to present his claim that he is unlawfully detained, and that the state proceedings clearly involve state interests. Indeed, the U.S. Court of Appeals for the Tenth Circuit has stated that "state control over criminal justice" is "a lynchpin in the unique balances

of interests" presented.  *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007)(citing *Younger*, 401 U.S. at 44).  Accordingly, the court is considering the summary dismissal of this matter without prejudice.  The court will allow the petitioner the opportunity to show cause why this dismissal should not be entered.

In addition, because petitioner has submitted neither the $5.00 filing fee nor a motion for leave to proceed in forma pauperis, the court will direct him to submit either the fee or an appropriate motion.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including March 18, 2011, to submit to the clerk of the court either the $5.00 filing fee or a motion for leave to proceed in forma pauperis.

IT IS FURTHER ORDERED petitioner is granted to and including March 18, 2011, to show cause why this matter should not be dismissed without prejudice for the reasons set forth in this order.  The failure to file a timely response may result in the entry of dismissal without additional prior notice to the petitioner.

A copy of this Memorandum and Order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 15th day of February, 2011.

        S/ Sam A. Crow
        SAM A. CROW
        United States Senior District Judge